UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KEVIN T.,

                Plaintiff,                **DECISION AND ORDER**

   v.

                                                1:22-cv-00952-UNA

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

## BACKGROUND

Plaintiff, Kevin T., brought this action pursuant to Title II and Title XVI of the Social Security Act (the "Act") seeking review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") benefits. (Dkt. 1).

On March 21, 2023, Plaintiff's counsel filed a motion to substitute party requesting that this Court issue an order substituting Ashia F. Martin ("Ms. Martin"), the mother of Plaintiff's minor children, for Plaintiff. (Dkt. 11). Defendant does not object to the proposed substitution and defers to Court to make a decision on Plaintiff's motion.

## DISCUSSION

Rule 25(a)(1) of the Federal Rules of Civil Procedure permits substitution of a party for a deceased party if: (1) the claim of a deceased party survives that party's death; (2) the individual seeking to be substituted is a "proper party"; and (3) the motion for substitution is made within "90 days after service of a statement noting the death." Fed. R. Civ. P. 25(a).

1) <u>Survival of Plaintiff's Claims</u>

The Act expressly provides that if an individual dies before receiving a Title II underpayment of benefits to which he is entitled, such benefits will be distributed according to a statutorily established priority. 42 U.S.C. § 404(d); *see also Perlow v. Comm'r of Soc. Sec.*, No. 10-cv-1661 (SLT), 2010 WL 4699871, at *1 (E.D.N.Y. Nov. 10, 2010) ("The Social Security Act expressly provides for Plaintiff's Social Security benefits to be paid to his survivors in the event he dies before collecting his underpayments.") (internal citation omitted). Under certain circumstances, such benefits can be made to the child or children of the deceased individual if there is no surviving spouse left. 42 U.S.C. § 404(d)(2). Here, Plaintiff is survived by two minor children. (Dkt. 11-3 at ¶ 4; Dkt. 11-5; Dkt. 11-6). Therefore, Plaintiff's Title II claim survives his death.

Plaintiff has also filed a claim for benefits under Title XVI of the Act, which, under the regulations, extinguishes when a deceased individual was an adult and had no surviving spouse at the time of his death. 20 C.F.R. § 416.542(b)(4). At the time of his death, Plaintiff was not married. (Dkt. 11-3 at ¶ 6). Therefore, Plaintiff's Title XVI claim did not survive his death.

2) <u>Timeliness of Motion</u>

As to the timeliness of Plaintiff's motion, the Federal Rules of Civil Procedure provide that the motion for substitution may be made within 90 days of "service of a statement noting the death." Fed. R. Civ. P. 25(a)(1). "[C]ourts have construed a motion for substitution to be a notice of death when a party's death is first mentioned in the substitution motion." *Worrell v. Colvin*, No. 1:12-CV-3386(ENV), 2013 WL 3364373, at

*1 (E.D.N.Y. July 3, 2013) (citations omitted).  Here, Plaintiff's prior counsel first informed the Court of Plaintiff's death on March 3, 2023, when he filed a motion for an extension of time to file Plaintiff's dispositive motion.  (Dkt. 8-1 at ¶ 7).  Since the instant application was filed on March 21, 2023, the Court finds it timely filed.

    3) Proper Party for Substitution

"A 'proper party' for substitution is either a 'representative of the deceased party's estate' or a 'successor of the deceased party.'"  *Perlow*, 2010 WL 4699871, at *2 (citing *Garcia v. City of New York*, No. CV 08-2152(RRM)(MDG), 2009 WL 261365, at *1 (E.D.N.Y. Feb. 4, 2009)).  Courts typically look to state law to determine whether a person is a proper "successor or representative" of the decedent.  *Garcia*, 2009 WL 261365, at *1 ("Whether a person is a proper 'successor or representative' of the decedent is determined by New York law.").  A "representative is a person who has received letters to administer the estate of a decedent."  N.Y. E.P.T.L. § 1-2.13.  "A 'successor' of the deceased party is a 'distributee' of the decedent's estate if the estate has been distributed at the time the motion for substitution is made."  *Garcia*, 2009 WL 261365, at *1 (internal citations omitted).  "Courts generally reserve judgment as to whether the movant is a proper party for substitution when he or she fails to establish that he or she is the deceased party's 'representative' or a 'successor.'"  *Scialdone v. Berryhill*, No. 16-CV-6433-FPG, 2017 WL 2835252, at *2 (W.D.N.Y. June 30, 2017) (internal citations omitted).  However, "where the plaintiff die[s] destitute, a party who is seeking substitution as a successor and who is not also a representative of the plaintiff's estate need not show that the estate has been distributed before serving as a substitute, as there would not be any estate to distribute."

*Herrera-Castro v. Trabajamos Cmty. Head Start, Inc.,* 15 Civ. 9286, 2017 WL 549584, at *1 (S.D.N.Y. Jan. 30, 2017) (internal citations omitted); *see also Perlow,* 2010 WL 4699871, at *2 ("when a plaintiff dies destitute, and his widow is not appointed the representative of his estate, the estate need not be distributed before his widow can serve as his substitute, as there is nothing to distribute"); *Roe v. City of New York,* No. 00 Civ.9062 (RWS), 2003 WL 22715832, at *2 (S.D.N.Y. Nov. 19, 2003) (plaintiff's parents were properly substituted as his distributees when plaintiff died intestate, did not have a wife or children, when his personal belongings were dispersed among his parents and siblings, and no appointment of an executor or administrator of his estate was made by any court).

Here, Ashia F. Martin, the mother and guardian of Plaintiff's two minor children, KST and SRT, asserts that Plaintiff was destitute, had no will, and did not have an estate at the time of his death that would pass through New York State Surrogate's Court. (Dkt. 11-3 at ¶¶ 8, 9; Dkt. 11-4; Dkt. 11-5; Dkt. 11-6). Plaintiff was not married and resided with Ms. Martin, as well as their two minor children, at the same residence at the time of his death. (Dkt. 11-3 at ¶¶ 4, 6). Ms. Martin submits that Plaintiff did not have any other children other than their two minor children. (*Id*. at ¶ 4). Plaintiff's counsel submits that Ms. Martin, on behalf of Plaintiff's children, has the highest priority under the Act to be entitled to any underpayment of disability benefits in the event Plaintiff's claim is approved. (Dkt. 11-1 at 4).

The Act expressly provides for payment to survivors or heirs when the eligible person dies before any past-due benefit is completed pursuant to a specified order of

- 4 -

priority. *See* 42 U.S.C. § 404(d). Here, Plaintiff died intestate and left no assets at the time of his death. (Dkt. 11-3 at ¶ 8). He was not married and, therefore, is not survived by a spouse. However, he was survived by two minor children, KST and SRT, who may be eligible to receive Plaintiff's past-due benefits, if any, as his distributees. 42 U.S.C. § 404(d)(2); *see also* N.Y. E.P.T.L. § 4-1.1(a)(3).[1] Ashia F. Martin, the children's mother, is requesting to be substituted on their behalf to represent Plaintiff's claim. (Dkt. 10-4 at ¶ 13). The Court is satisfied that she is a proper party for substitution to represent Plaintiff's claim on behalf of Plaintiff's children.

## CONCLUSION

Accordingly, Plaintiff's motion for substitution (Dkt. 11) is granted. The Clerk of Court is instructed to amend the case caption.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:     August 21, 2023
           Rochester, New York

---

[1]     Plaintiff was also survived by his parents, whose order of priority follows that of his minor children. N.Y. E.P.T.L. § 4-1.1(a)(4).