UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ASHIA M. O/B/O KEVIN T.,

               Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

_____

        **DECISION AND ORDER**

        1:22-CV-00952 EAW

## <u>INTRODUCTION</u>

Represented by counsel, Ashia M. brings this action pursuant to Titles II and XVI of the Social Security Act (the "Act"), on behalf of Kevin T. ("Plaintiff"), the late father of her minor children, seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying Plaintiff's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI").[1] (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g).

Presently before the Court are the parties' cross motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Dkt. 24; Dkt. 25). For the reasons discussed below, Plaintiff's motion (Dkt. 24) is granted to the extent that the matter is remanded for further administrative proceedings, and the Commissioner's motion (Dkt.

---

[1] On March 21, 2023, Ashia M. filed a motion for substitution in light of Plaintiff's passing on January 25, 2023. (Dkt. 11). On August 21, 2023, the Court granted the motion for substitution. (Dkt. 18).

25) is denied.

## BACKGROUND

Plaintiff protectively filed his applications for DIB and SSI on August 31, 2017. (Dkt. 7 at 130, 348-56, 357-58).[2]  In his applications, Plaintiff alleged disability beginning August 11, 2017.  (*Id.* at 18, 349, 357).  Plaintiff's applications were initially denied on January 22, 2018.  (*Id.* at 116-26).   At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") Stephan Bell on November 20, 2019.  (*Id.* at 69-102). On December 9, 2019, the ALJ issued an unfavorable decision.  (*Id.* at 130-39).  Plaintiff requested Appeals Council review; his request was granted on August 26, 2020, and the case was remanded to the ALJ.  (*Id.* at 145-48).

A second hearing was held by video on September 22, 2021, before the same ALJ. (*Id.* at 18, 37-68).  On November 2, 2021, the ALJ issued an unfavorable decision.  (*Id.* at 18-30).  Plaintiff requested Appeals Council review; his request was denied on October 13, 2022, making the ALJ's determination the Commissioner's final decision.  (*Id.* at 6-11). This action followed.

## LEGAL STANDARD

I.  **District Court Review**

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by

---

[2]      When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II.    <u>Disability Determination</u>

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of N.Y.*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work

activities.  *Id.* §§ 404.1520(c), 416.920(c).  If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled."  If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings").  *Id.* §§ 404.1520(d), 416.920(d).  If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (*id.* §§ 404.1509, 416.909), the claimant is disabled.  If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments.  *See id.* §§ 404.1520(e), 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work.  *Id.* §§ 404.1520(f), 416.920(f).  If the claimant can perform such requirements, then he or she is not disabled.  If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled.  *Id.* §§ 404.1520(g), 416.920(g).  To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience.  *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted); *see also* 20 C.F.R. § 404.1560(c).

- 4 -

## DISCUSSION

### I.    The ALJ's Decision

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520 and 416.920. Initially, the ALJ determined that Plaintiff meets the insured status requirements of the Act through December 31, 2022. (Dkt. 7 at 21). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since August 11, 2017, the alleged onset date. (*Id.*).

At step two, the ALJ found that Plaintiff suffered from the severe impairments of Grave's disease and diabetes mellitus. (*Id.*).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (*Id.*). In particular, the ALJ considered the requirements of Listing 9.00 and additional Listings it cross-references in reaching his conclusion. (*Id.* at 21-22).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except:

> lifting 20 pounds occasionally and 10 pounds frequently; carrying 20 pounds occasionally and 10 pounds frequently; sitting for 6 hours, standing for 6 hours, and walking for 6 hours; pushing/pulling as much as can lift/carry. [Plaintiff] can climb ramps and stairs occasionally, never climb ladders, ropes, or scaffolds, balance occasionally, stoop occasionally, kneel occasionally, crouch occasionally, and crawl occasionally. [Plaintiff] can never work at unprotected heights, never work around moving mechanical parts, and never operate a motor vehicle.

(*Id.* at 22). At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. (*Id.* at 29).

At step five, the ALJ relied on the testimony of a vocational expert to conclude that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of package sorter, mailroom clerk, and plastic hospital products assembler. (*Id.* at 30). Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act. (*Id.*).

## II.    Remand of this Matter for Further Proceedings is Necessary

Plaintiff asks the Court to reverse the Commissioner's decision, or in the alternative remand the matter for further administrative proceedings, on the following grounds: (1) the ALJ erred when he failed to properly evaluate the medical opinion evidence; and (2) the ALJ did not properly develop the record with respect to Plaintiff's compliance with treatment. (Dkt. 24-1 at 8-15). As further explained below, the Court agrees that remand for further proceedings is necessary.

In deciding a disability claim, an ALJ is tasked with "weigh[ing] all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013). In making the RFC finding, the Commissioner "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). When a medical source provides one or more medical opinions, the Commissioner will consider those medical opinions from that medical source together using the factors listed in paragraphs (c)(1) through (c)(5) of the applicable sections. *Id.* Those factors include:

(1) supportability; (2) consistency; (3) relationship with the claimant, including the length of the treatment relationship, the frequency of examinations, purpose and extent of the treatment relationship, and the examining relationship; (4) specialization; and (5) any other factors that "tend to support or contradict a medical opinion or prior administrative medical finding." *Id.* §§ 404.1520c(c), 416.920c(c).

When evaluating the persuasiveness of a medical opinion, the most important factors are supportability and consistency. *Id.* §§ 404.1520c(a), 416.920c(a).  With respect to "supportability," the Commissioner's regulations provide that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id.* §§ 404.1520c(c)(1), 416.920c(c)(1).  With respect to "consistency," the Commissioner's regulations provide that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* §§ 404.1520c(c)(2), 416.920c(c)(2).

The ALJ must articulate his consideration of the medical opinion evidence, including how persuasive he finds the medical opinions in the case record.  *Id.* §§ 404.1520c(b), 416.920c(b).   The ALJ must explain how he considered the "supportability" and "consistency" factors for a medical source's opinion.  *Id.*

§§ 404.1520c(b)(2), 416.920c(b)(2).  The ALJ may—but is not required to—explain how he considered the remaining factors.  *Id.*

Although the applicable regulations state that an ALJ "will evaluate every medical opinion [he] receive[s,]" *id.* § 416.927(c), "[a]n ALJ need not recite every piece of evidence that contributed to the decision, so long as the record permits [the Court] to glean the rationale of an ALJ's decision[,]" *Cichocki v. Astrue*, 729 F.3d 172, 178 n.3 (2d Cir. 2013) (internal quotation marks omitted).  "[F]ailure to discuss and/or weigh a medical opinion is not per se remandable error but may be found harmless error." *Sherry L. v. Comm'r of Soc. Sec.*, No. 20-CV-01432, 2022 WL 2180159, at *6 (W.D.N.Y. June 16, 2022) (collecting cases).

In the decision, the ALJ addressed three medical opinions relating to Plaintiff's physical impairments.  The ALJ considered the opinion of State agency medical consultant C. Krist, D.O.  (Dkt. 7 at 105-115, 116-26).  Dr. Krist opined that Plaintiff was capable of performing light work with some exertional and postural limitations.  The ALJ explained that he found this opinion generally persuasive:

> The State agency consultant's findings are supported with a reasonable explanation therefor, and are generally consistent with the substantial evidence of record indicating [Plaintiff] might have some difficulty with particularly strenuous activities, but still remains capable of performing a meaningful range of work activity within the light range of work.  Thus, although the undersigned has considered the entire record, including the [Plaintiff's] neuropathic symptoms, in finding [Plaintiff] should also avoid

certain environmental activities that might prove dangerous, Dr. Krist's opinion is found generally persuasive in making the findings herein.

(*Id.* at 27).

The ALJ also addressed the opinion of Jacquelyne Gaddy, M.D., Plaintiff's primary care physician, who completed a physical assessment questionnaire on September 14, 2017. (*Id.* at 525-29). Dr. Gaddy opined that Plaintiff's diabetes mellitus frequently causes symptoms severe enough to interfere with attention and concentration required to perform simple work-related tasks. (*Id.* at 525). She opined that Plaintiff could sit for 6 hours in an 8-hour workday and stand or walk for 4 hours in an 8-hour workday. (*Id.*). She estimated that Plaintiff would be absent from work as a result of his impairments three or four times a month. (*Id.* at 526). The ALJ found Dr. Gaddy's opinion overall not persuasive. He explained:

> Although she appeared to recognize an exertional capacity for a reduced range of light level work, her various other indications of non-exertional restrictions such as frequent interference with concentration, a need for unscheduled breaks throughout the day, and significant absenteeism, are somewhat speculative in nature and in any event not adequately supported by, or consistent with, the substantial evidence of record detailed above, including treatment records documenting adequate daily functioning and no more than moderate clinical findings at baseline with adherence to treatment.

(*Id.* at 27).

Lastly, the ALJ considered the report from a November 27, 2017, internal medicine examination conducted by Trevor Litchmore, M.D. (*Id.* at 538-41). Dr. Litchmore concluded that Plaintiff's prognosis was "[g]uarded," and "[o]n the basis of the physical exam, [Plaintiff] will have marked limitation in terms of activities that require repetitive twisting, turning, fingering, and feeling with both wrists in the context of the bilateral

carpal tunnel syndrome. [Plaintiff] will also have marked limitation in terms of activities

that require moderate to marked physical exertion, or lifting or carrying heavy weight in

the context of his active hyperthyroidism with associated thyromegaly noted on physical

exam. Depression deferred to psychologist/psychiatry." (*Id.* at 541). The ALJ found

portions of Dr. Litchmore's opinions to be somewhat persuasive and other portions not

persuasive, explaining:

> Dr Litchmore's assessment is somewhat persuasive, particularly with respect
> to his indication of restriction for activities requiring more strenuous levels
> of exertional activity, which is reasonably supported and consistent with the
> substantial evidence of record, as [Plaintiff's] blood sugar and thyroid level
> fluctuations could reasonably be expected to impact his strength level for
> sustaining more demanding tasks. However, Dr. Litchmore's indication of
> significant manipulative limitations, as well, is not persuasive, as it appears
> based in large part on [Plaintiff's] subjective reports of hand pain and is not
> adequately supported by, or consistent with, the substantial evidence of
> record detailed above, including Dr. Litchmore's own findings of intact hand
> and finger dexterity and treatment records consistently indicating that
> [Plaintiff's] neuropathic symptoms have been limited to his feet and have
> experienced beneficial response to gabapentin.

(*Id.* at 26-27).

The Order from the Appeals Council also related to the same opinion from Dr.

Litchmore, which the ALJ had found persuasive in the initial determination. (*Id.* at 145).

The Appeals Council directed:

> The Administrative Law Judge found that [Plaintiff] has a residual functional
> capacity for a range of sedentary work as defined in 20 CFR 404.1567(a) and
> 416.967(a), which does not include and manipulative limitations. In so
> finding, however, the hearing decision does not adequately consider the
> medical source statement from Trevor Litchmore, M.D., a consultative
> examiner. Dr. Litchmore opined, in part, that [Plaintiff] has marked
> limitations in activities requiring repetitive twisting, turning, fingering, and
> feeling with both wrists (Exhibit 8F, page 4). The Administrative Law Judge
> found this opinion persuasive because it was based upon the Dr. Litchmore's
> objective examination of [Plaintiff] (Decision, pages 7-8). Despite this

> finding, the decision neither incorporates any corresponding manipulative limitations into the RFC nor provide an explanation for why such limitations are not persuasive. Therefore, further consideration should be given to the claimant's residual functional capacity and to the medical source opinion from Dr. Litchmore.

(*Id.*).

Plaintiff argues that the ALJ's consideration of Dr. Litchmore's opinion remains insufficient, particularly the assessment of manipulative limitations. The Court agrees.

As noted, the ALJ concluded that the portion of the opinion from Dr. Litchmore indicating significant manipulative limitations was "not persuasive." The reasons provided by the ALJ for rejecting Dr. Litchmore's opinion that Plaintiff would have "marked limitation in terms of activities that require repetitive twisting, turning, fingering and feeling with both wrists in the context of the bilateral carpal tunnel syndrome," (*id.* at 541) were: first, that Dr. Litchmore's opinion was based on Plaintiff's subjective reports of hand pain; second, that the opinion was not adequately supported by or consistent with evidence of record including "Dr. Litchmore's own findings of intact hand and finger dexterity"; and third, that the opinion conflicts with "treatment records consistently indicating that [Plaintiff's] neuropathic symptoms have been limited to his feet and have experienced beneficial response to gabapentin" (*id.* at 27).

To be sure, Plaintiff's subjective reports of hand pain are not alone required to be fully credited by the ALJ, although they are entitled to consideration. *Wayne E. v. Comm'r of Soc. Sec.*, No. 1:23-CV-1178 (DJS), 2025 WL 662514, at *4 (N.D.N.Y. Feb. 28, 2025) ("In assessing a claimant's RFC, an ALJ must consider all of the relevant medical and other evidence, including a claimant's subjective complaints of pain." (quoting *Mills v. Astrue*,

No. 5:11-cv-955 (GLS), 2012 WL 6681685, at *3 (N.D.N.Y. Dec. 21, 2012))); *Ruth A. v. Dudek*, No. 24-CV-00415 (RMS), 2025 WL 601480, at *15 (D. Conn. Feb. 25, 2025) ("When assessing a claimant's RFC, 'the ALJ is required to take the claimant's reports of pain and other limitations into account, but is not required to accept the claimant's subjective complaints without question; he may exercise discretion in weighing the credibility of the claimant's testimony in light of the other evidence in the record.'" (quoting *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010))); *Joseph v. O'Malley*, No. 21-CV-4398 (KAM), 2024 WL 3520468, at *6 (E.D.N.Y. July 24, 2024) ("[T]he ALJ is 'not require[d] to accept the claimant's subjective complaints without question,' and the ALJ 'may exercise discretion in weighing the credibility of the claimant's testimony in light of the other evidence in the record. . . .'" (quoting *Campbell v. Astrue*, 465 F. App'x 4, 7 (2d Cir. 2012) (internal quotation omitted))).  But beyond the subjective pain reports, the ALJ's other reasons for finding Dr Litchmore's opinion unpersuasive are not well supported.

As to the ALJ's contention that Dr. Litchmore's opinion is not consistent with his own findings showing intact hand and finger dexterity, Dr. Litchmore's opinion also reflects a positive Phalen sign bilaterally, reduced grip strength, and "[s]ymmetric muscle wasting of both the upper and lower extremities."  (*Id.* at 540).  Because a positive Phalen sign testing relates to carpal tunnel syndrome, this objective measure would support and be consistent with the manipulative limitations Dr. Litchmore imposed rather than serve as a basis to reject Dr. Litchmore's opinion.  *See Capezza v. O'Malley*, No. 23-CV-01813 (SDA), 2024 WL 642961, at *2 n.11 (S.D.N.Y. Feb. 15, 2024) ("A positive Phalen's sign may be an indication of the presence of carpal tunnel syndrome." (quoting *Obenza v.*

*Comm'r of Soc. Sec.*, No. 19-CV-05444(VSB)(SDA), 2020 WL 3001635, at *8 (S.D.N.Y. May 8, 2020), *report and recommendation adopted*, 2020 WL 3000398 (S.D.N.Y. June 3, 2020))).

Similarly, although the ALJ states that Plaintiff's treatment records "consistently indicat[e] that [Plaintiff's] neuropathic symptoms have been limited to his feet," the treatment records do not bear out that conclusion.  While several treatment records do specifically reference neuropathy of the lower extremities (Dkt. 7 at 664, 668, 991, 996, 1005, 1010, 1036), the vast majority of references to neuropathy in the administrative record reference either "peripheral neuropathy" (*see id.* at 546, 765, 808, 812, 826, 830, 854, 858, 862, 866, 874, 881, 898, 903, 997, 998, 1001, 1002, 1008), "diabetic neuropathy" (*id.* at 661, 671, 697), or just "neuropathy," (*id.* at 569, 579, 635, 653, 659, 661, 749, 778, 793, 804, 839, 847, 873, 902, 907, 915, 932, 941, 946, 950, 954, 959, 963, 968, 972, 977, 1061, 1079, 1097), and do not make clear that Plaintiff's upper extremities are not encompassed.  Further, additional support in the record relating to Plaintiff's hand pain is a statement submitted from Ashia M. that stated that Plaintiff "suffers from neuropathy which causes his hands and feet to cramp up and he will be in excruciating pain," (*id.* at 455), as well as a hospital record referencing, "upper extremity sharp pains" (*id.* at 544). In total, as a result of the conflict between the ALJ's reasoning and the evidence of record, the Court questions whether the ALJ's analysis of the supportability of Dr. Litchmore's opinion was sound.

And importantly, to the extent that there was error in the assessment of manipulative limitations, the Court cannot conclude any such error is harmless.  *Young v. Kijakazi*, No.

20-CV-03604 (SDA), 2021 WL 4148733, at *11 (S.D.N.Y. Sept. 13, 2021) ("However, even assuming *arguendo* that the ALJ failed to consider Dr. Junga's opinion at all, the Court finds the ALJ's error harmless, because there is no reasonable likelihood that the ALJ's consideration of Dr. Junga's opinion would have changed the administrative outcome."); *Gemmell v. Comm'r of Soc. Sec.*, 8:16-CV-1014 (CFH), 2017 WL 3328237, at *5 (N.D.N.Y. Aug. 2, 2017) ("[F]ailure to consider or weigh an opinion may be harmless error where consideration of that opinion would not have changed the outcome.").

This is so because the assessment of the manipulative limitations did impact the RFC determination. At the hearing, the ALJ asked the vocational expert if in addition to the limitations set forth in the RFC, "what if our hypothetical individual in hypothetical one was also limited to no more than occasionally handling and fingering bilaterally, would that person have light work available?" and the vocational expert responded, "[n]o, Your Honor." (Dkt. 7 at 64). The ALJ then asked, "[a]nd how about our individual at sedentary? Would they have sedentary work available?" and the vocational expert again responded, "[n]o, Your Honor." (*Id.*). Thus, in this case, the inclusion of a manipulative limitation was outcome determinative as to Plaintiff's disability status and cannot be considered harmless.

In sum, taking the present facts as a whole and in light of the issues identified above, the Court is unable to conclude that the ALJ's decision is supported by substantial evidence. To be clear, the Court takes no position as to whether or not Plaintiff should have been found to be under a disability. That is for the ALJ to determine on remand. *See Newman v. Berryhill*, No. 16 CIV. 9325 (AJP), 2017 WL 4466615, at *19 (S.D.N.Y. Oct.

6, 2017) (noting that "[o]n remand, the ALJ should consider the trends reflected in [Plaintiff's] more recent treatment records and should avoid 'cherry-pick[ing] evidence in support of his own conclusions'").  The Court is simply concluding that the ALJ's conclusions were not supported by substantial evidence, as is required, warranting remand. *See Jackson v. Kijakazi*, 588 F. Supp. 3d 558, 585 (S.D.N.Y. 2022) ("Courts frequently remand an ALJ's decision when it ignores or mischaracterizes medical evidence or cherry-picks evidence that supports his RFC determination while ignoring other evidence to the contrary.").  Accordingly, because the Court finds error in the ALJ's assessment of medical opinion evidence and that the error cannot be considered harmless, remand is appropriate.

## III.    Plaintiff's Remaining Arguments

To the extent Plaintiff identifies other reasons why the ALJ's decision should be vacated, the Court need not reach those arguments because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary.  *See, e.g., Samantha D. v. Comm'r of Soc. Sec.*, No. 3:18-CV-1280 (ATB), 2020 WL 1163890, at *10 (N.D.N.Y. Mar. 11, 2020); *Raymond v. Comm'r of Soc. Sec.*, 357 F. Supp. 3d 232, 240-41 (W.D.N.Y. 2019).

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Dkt. 24) is granted to the extent that the matter is remanded for further administrative proceedings. Defendant's motion for judgment on the pleadings (Dkt. 25) is denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:      March 27, 2025
            Rochester, New York

- 16 -